Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
Tel: 818-907-2030
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Ronald Valverde*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| RONALD VALVERDE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>U.S. BANCORP D/B/A U.S. BANK, N.A.,<br><br>　　　　Defendant. | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1.　TCPA, 47 U.S.C. § 227<br>　2.　FDCPA, 15 U.S.C. § 1692<br>　3.　RFDCPA, Cal. Civ. Code § 1788 *et. seq.*<br>　4.　Invasion of Privacy - Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Ronald Valverde ("Plaintiff"), by and through his attorneys, alleges the following against U.S. Bancorp doing business as U.S. Bank, N.A. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use

of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

4. Count IV of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendant transacts business here; therefore, personal jurisdiction is established.

COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

8. Plaintiff is a natural person residing in Huntington Park, Los Angeles County, California.

9. Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

10. Defendant is a creditor with its principal place of business located in in the City of St. Paul, in the State of Minnesota. Defendant can be served through its registered agent CT Corporation System Inc., 800 Nicollet Mall, Minneapolis, MN 55402.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect a debt from Plaintiff.

13. In or around March 2017, Defendant began placing calls to Plaintiff's cellular phone number (323) 286-6490, in an attempt to collect a debt.

14. The calls mainly originated from the following numbers: (877) 838-4347 and (913) 791-8055. Upon information and belief, these numbers are owned or operated by Defendant.

15. On or about March 4, 2017, at 8:06 a.m., Plaintiff answered a call from Defendant and spoke with a representative.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

17. During that call, Plaintiff asked not to be called any further. Despite his request, Plaintiff continued to receive calls on his cellular phone.

18. In or around March of 2017, Defendant called Plaintiff nearly every day, often multiple times per day, despite his revocation of consent to be called further.

19. On several occasions, Defendant called Plaintiff multiple times in quick succession. (March 8, 2017 at 10:22 a.m. and 11:02 a.m.; March 9, 2017 at 8:15 a.m., 8:53 a.m., and 10:07 a.m.; March 11, 2017 at 8:19 a.m., 10:05 a.m., 11:20 a.m., and 12:26 p.m.)

20. Between March 4, 2017 and March 21, 2017, Defendant contacted Plaintiff on his cellular telephone approximately twenty-three (23) times, despite his revocation of consent to be contacted by Defendant.

21. FCC noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

22. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." Id.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

23. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." Id. at 14091-92, paras. 132-33.

24. Defendant placed calls to Plaintiff in a manner to predict the times he was available to answer his phone, indicating the use of a predictive dialer. After receiving calls at seemingly random times, the calls became more consistent at certain times of the day.

25. For example, Defendant called Plaintiff at 8:06 a.m. (March 4, 2017), 8:15 a.m. (March 9, 2017), 8:35 a.m. (March 10, 2017), 8:19 a.m. (March 11, 2017), 8:56 a.m. (March 13, 2017), and 9:56 a.m. (March 14, 2017).

26. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

27. Further, the conduct was done with such frequency so as to harass Plaintiff.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

29. Further, Defendant's calls often occurred while Plaintiff was at work and disrupted his day.

30. Plaintiff works in an office environment and has his cellular phone by him at his desk at all times.

COMPLAINT AND DEMAND FOR JURY TRIAL

31. Plaintiff was required to step out of the office in order to answer his cellular phone.

32. Due to Defendant's conduct, Plaintiff received several verbal warnings from his employer.

33. Plaintiff frequently feared he would lose his employment due to Defendant's incessant calls.

34. Defendant's conduct induced stress, anxiety, and embarrassment in his place of work.

## **COUNT I**

### **(Violations of the TCPA, 47 U.S.C. § 227)**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service .

. . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

37. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of the FDCPA, 15 U.S.C. § 1692)**

38. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

40. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j,

inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

41. Defendant violated 15 U.S.C. § 1692d(5), by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the person at the called number.

42. Defendant violated 15 U.S.C. § 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt. Specifically, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

43. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

45. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

  c. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

  d. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

47. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

///

# COUNT IV

## (INTRUSION UPON SECLUSION)

49. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

50. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

51. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

  d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

52. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ronald Valverde respectfully requests judgment be entered against Defendant, U.S. Bancorp doing business as U.S. Bank, N.A. for the following:

  A. Declaratory judgment that Defendant violated the TCPA;

  B. Declaratory judgment that Defendant violated the FDCPA;

  C. Declaratory judgment that Defendant violated the RFDCPA;

  D. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

  E. Actual damages pursuant to RFDCPA, Cal. Civ. Code §1788.30(b);

  F. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

  G. Actual Damages pursuant to 15 U.S.C. 1692k(a)(1);

  H. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k;

  I. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3);

  J. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

K. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

L. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 3, 2018

By: /s/ *Brian Brazier*
Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
Tel: 818-907-2030
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Ronald Valverde*